## Phillips' Appeal.

Where judgment was obtained against an infant, and she employed counsel and prosecuted a writ of error after coming of age,—*Held*, that she could not, after an affirmance, avoid the judgment, on the ground of her infancy when it was rendered.

(Decided November 9, 1885.)

Appeal and certiorari to review proceedings of the Common Pleas of Allegheny County refusing to open, vacate, and strike off a judgment against defendant. Affirmed, etc.

December 10, 1875, The Allegheny Valley Railroad Company brought suit against R. B. Phillips, administrator of the estate of Wm. Phillips, deceased, and January 8, 1883, recovered judgment for the sum of $466,837.36. On January 11, 1883, a scire facias was issued by the plaintiff to bring in the heirs and terre-tenants, and Eliza B. Phillips was named as one of the heirs; she was then a minor, aged nineteen years and eight months. A general appearance was entered for all de-

NOTE.—Similarly, if an infant pleads to an action after attaining majority, defects in the service of process during minority are waived. Hillegass v. Hillegass, 5 Pa. 97.

fendants by counsel. On January 31, 1883, Wm. Phillips, Jr., one of her codefendants, filed an affidavit of defense for himself and his codefendants. On February 8, 1883, a general plea was filed by counsel for all the defendants. March 24, 1884, judgment was entered for the Allegheny Valley Railroad Company. Eliza B. Phillips arrived at full age May 16, 1884. A little more than a month before this time counsel, still acting for her and others, took a writ of error to this court, and the same counsel, still ostensibly acting for her, six months after she attained her majority, prosecuted the writ. Judgment was affirmed on error January 22, 1885. January 24, 1885, Eliza B. Phillips presented her petition to the court of common pleas showing that she was a minor when the verdict and judgment were entered against her; that she never had a guardian appointed to represent her; and claiming that the whole proceedings in this cause, as to her, were void; and praying for relief and that the judgment might be opened, vacated, or stricken off, as to her. This the court below refused to do, and she appealed from its decision, and this certiorari was issued to bring up the proceedings to this court.

*Barton & Sons,* for plaintiffs in error, appellants.—The simple question is whether a judgment obtained against an infant during minority by suit and verdict is good, and whether or not the infant is entitled to relief after coming of age. True, in this case, counsel appeared for her, accepted service of the writ, put in a plea, and went to trial on the merits; but the infant had no power to contract, to employ or retain counsel, and therefore the acts of the counsel were without legal authority and absolutely void. The record shows that the debt was not for necessaries, but to charge the land inherited from her uncle with a debt. In Hecker v. Haak, 88 Pa. 238, it is ruled that a judgment obtained by suit against a married woman is void, unless it affirmatively appears on the record that the same was for necessaries. See also Berger v. Clark, 79 Pa. 340. The law appears to place idiots, infants, and married women in the same category.

Knox v. Flack, 22 Pa. 337, rules this case. In that case the judgment had been entered on a warrant of attorney signed by the minor after his marriage. In our case the minor did no act or thing to bind her, even morally. In the case of Knox v.

Flack it is ruled that a judgment against a minor is void and should be vacated on motion, on the infancy being shown. If the court below refuses to vacate it, it can be set aside or reversed on error when the fact of infancy appears of record.

If it does not there appear, this court may direct an issue to determine its existence or otherwise. Since this decision, we have the act of April 4, 1877, enlarging the powers and duties of the court as to opening judgments.

The acceptance of service of a writ in partition by counsel, for a minor who has no guardian, is void. Swain v. Fidelity Ins. Trust & S. D. Co. 54 Pa. 455.

*Hampton & Dalzell,* for defendant in error, appellee.—There seems to us to be three reasons why this court should not now interfere:

I. Because the decision of a court of original jurisdiction, upon an application to open one of its own judgments, is not the subject of review or writ of error. Bunce v. Wightman, 29 Pa. 335; Henry v. Brothers, 48 Pa. 70; Riegel v. Wilson, 60 Pa. 388; Hatch v. Stitt, 66 Pa. 267.

Prior to the act of April 4, 1877, it was well settled that the question of opening a judgment rested in the discretion of the court in which it was rendered. No appeal from its action would lie to this court; nor could we review it on a writ of error, unless the opening in the particular case was in excess of the power of the court. Lamb's Appeal, 89 Pa. 409; Catlin v. Robinson, 2 Watts, 373.

A refusal to open is simply a refusal to disturb the judgment, and is not the exercise of an illegal power. Henry v. Brothers, 48 Pa. 70; McClelland v. Pomeroy, 75 Pa. 410.

Knox v. Flack, 22 Pa. 339, cited by the appellant, does not in any way aid her case. There the judgment sought to be opened was of the character described in the act of 1877, and there was no such feature in that case as there is in this, *viz.,* the appearance of the appellant in the person of counsel, and a judgment obtained adversely at the end of a long litigation.

II. The appearance of an attorney for a party renders the judgment conclusive upon him. If he has suffered any damage he has his remedy by action against the attorney. Hatch v. Stitt, 66 Pa. 264; Jackson ex dem. Smith v. Stewart, 6 Johns. 37; Berkenhead v. Fanshaw, 1 Salk. 86; Denton v. Noyes, 6

Johns. 296, 5 Am. Dec. 237; McCullough v. Guetner, 1 Binn. 214; Scott v. Israel, 2 Binn. 145.

III. To open a judgment is to exercise one of the powers of a court of chancery.

Such power is only to be called into exercise to relieve against a judgment fraudulently obtained, or where some strong natural equity can be alleged against it. Cochran v. Eldridge, 49 Pa. 365.

PER CURIAM:

This case is brought before us by appeal and on certiorari. An appeal does not lie, and on certiorari we can look at the record only. No error is shown therein. If we look beyond the record it appears that the appellant employed counsel and prosecuted a writ of error in this court after she became of full age. The judgment having then been affirmed, she cannot now go back of it and avoid it by showing her previous infancy.

Judgment on the certiorari affirmed, and appeal quashed.